UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JASON LIGON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| DUKE ENERGY INDIANA, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Jason Ligon ("Ligon" or "Plaintiff"), by counsel, brings this action against Defendant, Duke Energy Indiana, LLC, ("Defendant"), for violating the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

**II. PARTIES**

2. Ligon is a resident of the State of Illinois.

3. Defendant is Domestic Limited Liability Company that is located and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 29 U.S.C §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C §2611(4).

6. Ligon, at all times relevant to this action, was an "employee" of the Defendant.

7. Ligon was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Ligon was hired by the Defendant on or about April 28, 2008.

10. Ligon held the position of Senior Production Team Member with the Defendant earning $50.47 per hour, with concomitant benefits, upon his termination on December 8, 2023.

11. At all relevant times, Ligon has met or exceeded Defendant's legitimate performance expectations.

12. Ligon was a member of the International Brotherhood of Electrical Worker's Union during his employment with the Defendant.

13. Ligon worked at the Defendant's Power Station located in Gibson County, Indiana.

14. Ligon's daughter has Down's Syndrome. As a result, starting in or about 2012, Ligon applied for and was granted intermittent FMLA leave to care for his daughter.

15. Ligon's supervisors were unhappy with Ligon exercising his rights under the FMLA as he was limited in his ability to work overtime and he would need to take leave – as necessary.

16. On Friday - March 17, 2023, Ligon had to take FMLA leave for the last hour of his shift to care for his daughter. Prior to leaving, Ligon was diligent in informing his co-workers that there had been an equipment malfunction.

17.     Ligon's supervisor, Jeff Mastel, was upset with his need to leave and got into a disagreement with Ligon. Mr. Mastel falsely accused Ligon of not wanting to do his job or perform duties as instructed – which is simply not true.

18.     Ligon was off work for the next 2 days, as scheduled, and returned to work on Monday – March 20, 2023. Ligon was immediately pulled into a meeting with Mr. Blankenship and informed that he was being removed from the Control Board specifically – Unit 5 Control Room Operator and was put on the Floor to work for – allegedly - not performing his job duties at the end of his shift on March 17.

19.     On March 21, 2023, Ligon sent an email to Defendant's Human Resources Manager, April C. Legnosky. In his email, Ligon contends that he was being targeted and retaliated against for his use of FMLA leave and wanted to file a complaint regarding the same against his supervisors – Percy Glenn Power, Superintendent and Jeff Mastel, Shift Supervisor.

20.     On March 25, 2023, a fact-finding conference was held with Ligon, the Defendant, and the Union. During this conference, Ligon again brought up that he was being targeted for taking FMLA leave. After the investigation and suspension, Ligon was reinstated to his position on the Control Board on or about June 1, 2023.

21.     However, on April 25, 2023, Ligon was notified that he was suspended for 5 days without pay – from May 4, 2023, through May 10, 2023, and he would be on probation for the next 3 years because Ligon – allegedly – engaged in insubordinate behavior and refused to perform job tasks as instructed by his supervisor on March 16, 2023 - which is the incorrect date of the alleged incident.

22.     After being reinstated to the Control Board on June 1, 2023, Ligon used FMLA leave on June 20; July 30; August 4, 24; and September 5, 11, 21, and 22 of 2023.

23. On November 6, 2023, Ligon was pulled into another meeting/fact finding conference over alleged performance issues and threatened with termination. Ligon was accused of a number of performance issues that were not true. In fact, he was accused of using abusive language on a day that he was not even at work.

24. Ligon was suspended from work after the meeting and told to call in on November 15 to check the status of the matter.

25. Ligon called on November 15 and was told that the investigation was on-going and to call back on November 22.

26. Ligon called back on November 22 and spoke to Mr. Power. During that call, Ligon was falsely accused of additional job performance issues. Ligon was further falsely accused of interfering with the Defendant's investigation from March 2023.

27. Ligon was told to call back on November 29, which he did, and was told the investigation was still on-going and to call back on December 6, 2023, which he did, and was told the investigation was still on-going.

28. In a conference call on December 7, 2023. Ligon was informed that he was terminated for alleged failure to perform his job duties.

29. The Defendant's proffered reason for Ligon's termination is pretext for Defendant's violations of the FMLA.

## V. CAUSES OF ACTION

### COUNT I: FMLA INTERFERENCE

30. Ligon hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Defendant unlawfully interfered with the exercise of Ligon's rights under the FMLA by using his leave as a negative factor for disciplinary action and to terminate his employment to keep him from future use of FMLA leave.

32. Defendant's actions were intentional, willful, and in reckless disregard of Ligon's rights as protected by the FMLA.

33. Ligon suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION IN VIOLATION OF THE FMLA

34. Ligon hereby incorporates paragraphs one (1) through thirty-three (33) of his Complaint as if the same were set forth at length herein.

35. Defendant unlawfully retaliated against Ligon for exercising his rights under the FMLA and/or for complaining of discriminatory treatment in violation of the FMLA.

36. Ligon suffered an adverse employment action. Specifically, he was disciplined, suspended without pay, placed into different positions, and terminated.

37. Defendant's actions were intentional, willful, and in reckless disregard of Ligon's rights that are protected by the FMLA.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jason Ligon, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Ligon's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Ligon of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages for Defendant's willful violations of the FMLA;

5. Compensatory damages;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Email: kfb@bdlegal.com

*Counsel for Plaintiff, Jason Ligon*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jason Ligon, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Email: kfb@bdlegal.com

*Counsel for Plaintiff, Jason Ligon*